[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 96
Honorable Larry E. Mead State Representative, District 111 Room 203, Capitol Building Jefferson City, Missouri 65101
Dear Representative Mead:
We have considered your request for an opinion, the text of which request is as follows:
 "Are state agency volunteers included in workmen's compensation coverage as are paid employees of the state and are state agency volunteers included in the Tort Defense Fund coverage as are regular paid employees of the state."
We have previously given an opinion that volunteers working with the Division of Welfare at regular hours, on specific assignments, under full-time supervision of regular employees of the Division of Welfare, would be:
 (1) Included for coverage under the Missouri Workmen's Compensation Law; and,
 (2) Included for coverage under the Missouri Tort Defense Fund.
A copy of that opinion, No. 136, April 4, 1973, to Bert Shulimson, is enclosed.
Sections 105.800 to 105.850, RSMo, became effective October 13, 1969. They extend the provisions of Chapter 287, RSMo, governing workmen's compensation, to include all state employees. Section 105.800, defines state employees as follows:
 "As used in sections 105.800 to 105.850, the term `state employee' means any person who is an elected or appointed official of the state of Missouri or who is employed by the state and earns a salary or wage in a position normally requiring the actual performance by him of duties on behalf of the state."
It is noted that the words "and earns a salary or wage in a position normally requiring the actual performance by him of duties on behalf of the state" do not appear in the definition of "employee" in Section 287.020.1 of the Workmen's Compensation Law, the relevant part of which is quoted in the enclosed opinion. It is also noted that Section 105.830 provides that:
 "Nothing in sections 105.800 to 105.850
shall affect any department or constitutional agency which is already under the provisions of chapter 287, RSMo, but every employee of each department and agency shall be covered by the provisions of chapter 287, RSMo."
Therefore, the definition of "employee" of Section 105.800, with requirement of salary or wage, would not apply to any state department or constitutional agency that was under Chapter 287, RSMo, prior to October 13, 1969, with respect to the class or classes of its employees then included for workmen's compensation. The definition of "employee" of Section 105.800, with requirement of salary or wage, would apply to those state agencies and classes of state employees that were not under Chapter 287, RSMo, prior to October 13, 1969.
The state agencies under the provisions of Chapter 287, RSMo, prior to October 13, 1969, are:
 Division of Mental Diseases (now, Department of Mental Health);
 Division of Welfare (now, Division of Family Services, Department of Social Services);
 Department of Corrections (now, Division of Corrections, Department of Social Services);
 Board of Training Schools (now, Division of Youth Services, Department of Social Services);
 Board of Probation and Parole (now, within the Department of Social Services);
 Federal Soldiers' Home (now, within Division of Veterans Affairs, Department of Social Services);
 Division of Insurance (now, within Department of Consumer Affairs, Regulation and Licensing);
 University of Missouri School System (now, within Department of Higher Education);
 Missouri Organized Militia when ordered to active state duty by the Governor (now, assigned to the Department of Public Safety);
 Highway Commission, employees primarily engaged in maintenance and construction work (now, within Department of Highways);
 Highway Patrol, uniform members of (now, within Department of Public Safety).
It should be noted that the classes of employees included for workmen's compensation coverage were: with respect to the Highway Commission, only those employees engaged in maintenance and construction work; with respect to the Highway Patrol, only the uniformed members; and that members of the Missouri Organized Militia were under workmen's compensation only when ordered to active duty by the Governor.
First, let us look at the portion of your question pertaining to workmen's compensation coverage. The logic of the enclosed opinion would apply to any state agency that was under Chapter 287, RSMo, prior to October 13, 1969, with respect to the class or classes of its employees then included for workmen's compensation, in the same way it did to the Division of Welfare. These are the agencies listed in the preceding paragraph, but with limitations: for Highway Commission, to include only employees primarily engaged in maintenance and construction work; for Highway Patrol, to include only uniformed members; and for Missouri Organized Militia, only when ordered to active state duty by the Governor. It is our opinion that volunteers working with any of these state agencies, and fully supervised by that agency, subject to the limitations set out above with respect to the Highway Commission, Highway Patrol and Missouri Organized Militia, are included for coverage under the Missouri Workmen's Compensation Law. Because of the requirement of salary or wage in the definition of "state employees" in Section 105.800, volunteers working without salary or wage for any state agency that was not included for coverage under Chapter 287, RSMo, prior to October 13, 1969, or in a class of state employees that was not included for coverage under Chapter 287, RSMo, prior to October 13, 1969, would not be considered employees under the Missouri Workmen's Compensation Law.
Secondly, when we look at the portion of your question pertaining to the Tort Defense Fund, set out in Section 105.710, RSMo, we find no statutory provision defining "employee" or placing any restriction on the definition of employee. Therefore, the logic of the enclosed opinion would apply to any agency of the state whose employees are presently included under the Tort Defense Fund, in the same way as it does to the Division of Welfare (now, Division of Family Services). Section 105.710, RSMo, as amended in 1974, sets out the agencies of the state of Missouri whose employees are covered under the Tort Defense Fund. It is our opinion that volunteers working with, and fully supervised by, any agency of the state of Missouri whose employees are covered under the Tort Defense Fund are included for coverage under said fund. Volunteer workers of a state agency whose employees are not under the Tort Defense Fund would not be included for coverage under the fund.
CONCLUSION
It is the opinion of this office that volunteers working with an agency of the state of Missouri and in a class of employees of that agency, both of which were under the provisions of Chapter 287, RSMo, prior to October 13, 1969, on specific assignments, under full-time supervision of regular employees of that agency, are included for coverage under the Workmen's Compensation Law; and that volunteers working with any state agency whose employees are covered under the Missouri Tort Defense Fund, on specific assignments, under full-time supervision of regular employees of that agency, are included for coverage under the Missouri Tort Defense Fund.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Carroll J. McBride.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 136, 4/4/73, Shulimson